UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MARK CASPER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00178-JMS-MJD |
| | ) | |
| RICHARD BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

The petition of Mark Casper for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 17-04-0276. For the reasons explained in this Order, Mr. Casper's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 Fed. Appx. 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B.    The Disciplinary Proceeding**

On April 26, 2017, Investigator Poer wrote a Conduct Report charging Mr. Casper with A-113, trafficking.  Dkt. 9-1.  The Conduct Report states:

> On 1/10/2017 an investigation into Trafficking with an offender was initiated on offender Casper, Mark 115399 3L-1DRH. I, Inv. J. Poer, reviewed video and phone records regarding offender Casper. I have determined that offender Casper did receive a contraband controlled substance from visitor Pamela Brian. On 1/6/17 Pamela Brian came to visit offender Casper here at CIF. Brian carried a package containing a contraband controlled substance through the facility search procedures and into the visiting room. Brian can be viewed on camera removing the package from her mouth and hiding it inside the sleeve of her shirt. Brian removes the package from her sleeve and passes it to Casper during the initial embrace at the start of the visit. Phone calls on the recorded system support the fact that Casper and Brian are trafficking in controlled substances. Please refer to confidential case file 17-CIC-0018 for additional details concerning the investigation.

Dkt. 9-1.

Mr. Casper was notified of the charge on May 3, 2017, when he received the Screening Report.  He pleaded not guilty to the charge and did not wish to have a lay advocate.  Dkt. 9-2.  He requested a witness statement from Sgt. Williams as to whether Sgt. Williams found anything on Mr. Casper.  *Id.*  He also requested video evidence to show that Ms. Brian did not pass any contraband during the initial embrace when she came to visit.  *Id.*  Mr. Casper's request for video evidence was marked as "denied – already listed as evidence."  *Id.*  The disciplinary hearing board did not provide Mr. Casper with a copy of the video prior to his hearing.  *See* dkt. 1 at 3.  Sgt. Williams prepared a statement that "[he did] not recall this situation."  Dkt. 9-3.

The Court reviewed the video, which was submitted *ex parte*.[1]  Dkt. 12 (*ex parte*).  The summary set forth in the Conduct Report accurately summarizes the video.  Dkt. 9-1.  Ms. Brian is seen sitting by herself on camera for quite some time.  At some point, Ms. Brian can clearly be

---

[1] The respondent requested that the video be kept confidential in order to safeguard institutional security and limit information regarding security camera capabilities.  Dkt. 10 at 1-2.

seen removing a package from her mouth and hiding it inside the right sleeve of her long-sleeved shirt. Ms. Brian then holds her right arm against her body and alternates between placing her left hand inside the sleeve or against her right arm over a visible bulge in her sleeve. When Mr. Casper shows up in the visiting area, Ms. Brian can be seen reaching into her right sleeve with her left hand to retrieve the package. She then clasps her hands together between her knees while waiting for Mr. Casper to approach. When Mr. Casper first embraces Ms. Brian, Mr. Casper's left hand can be seen reaching into the palm of Ms. Brian's right hand, retrieving the package. Dkt. 12.

The prison disciplinary hearing was held on May 24, 2017. According to the notes from the hearing, Mr. Casper pleaded guilty. Dkt. 9-4. Mr. Casper denies that he pleaded guilty. Dkt. 1 at 4. He alleges there was a misunderstanding at the hearing where Mr. Casper meant to plead guilty to the write up for unauthorized financial transaction charge but not for the trafficking charge. Dkt. 17. However, the hearing officer thought that Mr. Casper pleaded guilty to both charges. Mr. Casper does not deny that he signed the hearing report but asserts that he signed the form through a food port and was unable to see the entire form. He did not know about the mistaken guilty plea until weeks later. *Id.*

Based on the staff reports and Mr. Casper's statement, the hearing officer found Mr. Casper guilty of A-113, trafficking. Dkt. 9-7. The sanctions imposed included 365 days of earned credit time deprivation and a credit class demotion. *Id.*

Mr. Casper appealed to the Facility Head and the Indiana Department of Correction (IDOC) Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

C. **Analysis**

Mr. Casper's habeas petition challenges his prison disciplinary conviction on two grounds: (1) denial of video evidence and (2) sufficiency of the evidence. *See* dkt. 1 at 3.

1. Denial of Video Evidence

Mr. Casper asserts he was improperly denied the right to view the video evidence. Dkt. 1 at 3.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilty, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). When prison administrators believe a valid justification exists to withhold evidence, "'due process requires that the district court conduct an in camera review' to assess whether the undisclosed [evidence] is exculpatory." *Johnson v. Brown*, 381 Fed. Appx. 494, 497 (7th Cir. 2017) (quoting *Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003)).

Mr. Casper's request for the video evidence was denied because the video was already part of the evidence file. He was also provided a summary of the relevant evidence from the video in the Conduct Report. Mr. Casper, however, did not receive a copy of the video nor was an explanation, security or otherwise, provided as to why Mr. Casper was not provided an opportunity to view the video. Nonetheless, Mr. Casper's due process rights were not violated because the

video was not exculpatory. The Court reviewed the video and agrees with the summary in the Conduct Report that Ms. Brian can be clearly seen passing something to Mr. Casper. Moreover, to the extent he was improperly denied the opportunity to review the video evidence, it was harmless error because the video would not have helped Mr. Casper. *See Jones*, 637 F.3d at 847 (the denial of the right to present evidence will be considered harmless unless the prisoner shows that the evidence could have aided his defense). Accordingly, Mr. Casper is not entitled to habeas relief on this ground.

        2.        <u>Sufficiency of the Evidence</u>

Mr. Casper argues that there was insufficient evidence because neither he nor Ms. Brian were caught with anything. Dkt. 1 at 3.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Adult Disciplinary Code Section A-113, entitled "Trafficking," is defined as: "[e]ngaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the

5

same facility." Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, available at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. IC 35-44.1-3-5 defines a person who commits trafficking to be "[a] person who, without the prior authorization of the person in charge of a penal facility or juvenile facility, knowingly or intentionally: (1) delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility."

Here, the Conduct Report explained that, on January 10, 2017, Investigator Poer reviewed Mr. Casper's video and phone records and determined that he had received contraband controlled substances from Ms. Brian. When Investigator Poer reviewed video footage from January 6, 2017, he was able to see Ms. Brian retrieve a package from her mouth and deliver it to Mr. Casper. The video evidence is consistent with the Conduct Report. It is irrelevant that neither Ms. Brian nor Mr. Casper were caught with the item – the evidence makes clear that there was a transfer of an item from Ms. Brian to Mr. Casper. This is "some evidence," under *Ellison,* supporting the hearing officer's finding that Mr. Casper was guilty of trafficking. Thus, Mr. Casper's challenge to the sufficiency of the evidence must be rejected.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Casper to the relief he seeks. Accordingly, Mr. Casper's petition for a writ of habeas corpus must be **denied** and the action **dismissed**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 3/4/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MARK CASPER
115399
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Andrea Elizabeth Rahman
OFFICE OF THE INDIANA ATTORNEY GENERAL
andrea.rahman@atg.in.gov